**Gail SPICUZZA, Plaintiff-intervenor—Appellant.**

v.

**Linda ARANA, Executor of the Estate of her late father, Theodore Lockrem, Defendant—Appellee,**

No. 03–56275.

D.C. No. CV–01–02881–WMB.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 4, 2005.

Ronald K. Alberts, Esq., Berger Kahn, A Law Corporation, Marina Del Rey, CA, for Plaintiff.

Chad Weaver, Esq., Edgerton & Weaver LLP, Hermosa Beach, CA, for Defendant–Appellee.

Gail Spicuzza, Princeville, HI, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

## MEMORANDUM **

Gail Spicuzza appeals the district court's order confirming the arbitration award issued by a panel of arbitrators of the National Association of Securities Dealers ("NASD"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the confirmation of an arbitration award like "any other district court decision ... accepting findings of fact that are not 'clearly erroneous' but deciding questions of law de novo." *See Barnes v. Logan,* 122 F.3d 820, 821 (9th Cir.1997). We affirm.

The district court properly confirmed the arbitration award issued by the NASD because the award had not been vacated, modified, or corrected. *See* 9 U.S.C. § 9. Contrary to Spicuzza's contention, the Petition to Confirm the Arbitration Award was properly filed in the Central California District. *See Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.,* 529 U.S. 193, 202, 120 S.Ct. 1331, 146 L.Ed.2d 171 (2000) (a court with the power to stay an action while sending the case to arbitration has the further power to confirm any ensuing arbitration award).

Although Spicuzza asserts that the notice of the Petition to Confirm the Arbitration Award should have been sent to her post office box, she does not dispute that Appellees mailed it to her last known address as required by Fed.R.Civ.P. 5(b)(2)(B). Furthermore, Spicuzza concedes that notice was also mailed to her former attorney.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Spicuzza's remaining contentions also lack merit.

AFFIRMED.